SO ORDERED.

SIGNED this 18th day of November, 2013.





NOT DESIGNATED FOR ONLINE OR PRINT PUBLICATION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DISC HEAT, LLC, | ) | Case No. 13-10568 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| DISC HEAT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 13-5069 |
| | ) | |
| KANSAS DEPARTMENT OF REVENUE, | ) | |
| ALCOHOLIC BEVERAGE CONTROL, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

The State of Kansas cannot issue a liquor license to anyone who intends to carry

1

on the business "as agent of another."[1] According to the State, when the debtor in this case, Disc Heat, LLC, renewed its license in 2009 and again in 2010, it acted as the agent of Edem Banda, its principal. The State contends that at both times, another person owned 100 percent of the LLC, and that Disc Heat did not disclose that ownership interest. When the State discovered this, it revoked Disc Heat's license. Disc Heat pursued an administrative appeal of the revocation and, when that failed, sought state court judicial review. While that review was pending, Disc Heat filed this chapter 11 bankruptcy case and adversary proceeding, seeking this Court's order enjoining the revocation under 11 U.S.C. § 105(a), even though a governmental entity's exercise of its police powers is expressly excepted from the automatic stay by § 362(b)(4). The State moved to dismiss Disc Heat's adversary proceeding, alleging a spectrum of grounds ranging from failure to sue the appropriate entity to Eleventh Amendment sovereign immunity.[2] Disc Heat failed to respond to the motion. I conclude that it should be granted.[3]

Disc Heat operates the Suede piano bar and lounge in downtown Wichita. Taking the allegations of its complaint as true, Suede needs its liquor license to successfully reorganize its affairs. In its complaint and in preliminary injunction

---

[1] KAN. STAT. ANN. § 41-311(a)(8) (2012 Supp.). *See also* § 41-2623(a)(1) (2012 Supp.).
[2] Adv. Dkt. 8 and 9. The movant Kansas Department of Revenue appears by Assistant Kansas Attorney General Derenda J. Mitchell. The debtor Disc Heat was represented by Nicholas J. Grillot in this adversary proceeding.
[3] Disc Heat has filed no objection or other form of response to the State's motion. D. Kan. Rule 7.4(b) applies to motions filed in this Court and provides that if the non-moving party fails to respond, "the court will consider and decide the motion as an uncontested motion."

2

proceedings before the Court, Disc Heat has argued that this fact is a sufficient basis for enjoining the State from prosecuting the license revocation proceedings under the general powers conferred on bankruptcy courts by § 105(a). That section allows the court to issue orders that are "necessary or appropriate" to carry out the provisions of Title 11. Disc Heat essentially asserts that its retention of the license is necessary to its effective reorganization and that the bankruptcy court has power to facilitate that retention even though police power actions by the State are clearly excepted from the § 362 stay.[4]

Assuming that a federal court can ever have jurisdiction to thwart the state law regulatory process as Disc Heat asks in its complaint, the debtor should at least sue the proper party. The sole named defendant in this case is the "Kansas Department of Revenue, Alcoholic Beverage Control." The KDR is a subordinate government agency that cannot sue or be sued by itself -- nothing in the statutes grants it that capacity.[5] Like any other subordinate state agency, it may only be sued in conjunction with the State of Kansas.[6] Likewise, there is no statutory authority granting the ABC, a division

---

[4] *See* § 362(b)(4) (excepting from the stay "the commencement or continuation of an action or proceeding by a governmental unit or any organization . . . to enforce such governmental unit's or organization's police and regulatory power . . . .").

[5] *Hopkins v. State*, 237 Kan. 601, 606, 702 P.2d 311 (1985) (interpreting the Kansas Tort Claims Act, noting that a subordinate government agency lacks capacity to sue or be sued absent statutory authority; Kansas highway patrol did not have capacity to be sued, KAN. STAT. ANN. § 74-2105 *et seq*.).

[6] *See* KAN. STAT. ANN. § 75-6102(a) (2012 Supp.); *see also Mid American Credit Union v. Board of County Com'rs*, 15 Kan. App. 2d 216, 224, 806 P.2d 479 (1991) (state *and* Department of Revenue may be sued together, but KDR may not be sued alone).

3

of the KDR, the capacity to sue and be sued.[7] Thus, Disc Heat has failed to properly invoke such jurisdiction as this Court may have. That alone is grounds for dismissal.

And even if Disc Heat had sued the proper party or parties, the relief it seeks is simply not available here. Contrary to its Disc Heat's legal claims, a Kansas liquor license is not a property interest. KAN. STAT. ANN. § 41-326 states that a license "shall be purely a personal privilege . . and shall not constitute property."[8] Nor can a license be encumbered or transferred. Only upon a court order can a liquor license descend under the probate laws. Because the transfer of a license is either prohibited or heavily conditioned, it is not a source of value that can be distributed to Disc Heat's creditors, even though it is crucial to the ongoing operation of Disc Heat's bar. We distinguish this case from *Bogus v. American National Bank*, a Tenth Circuit case involving a bankruptcy trustee's attempt to avoid a lien in a Wyoming liquor license that the debtor granted outside the preference period, but assigned and surrendered to the bank for sale within the period.[9] Applicable Wyoming state law permitted the assignment and transfer of liquor licenses under certain conditions and expressly permitted one to be assigned as collateral.[10] The Kansas liquor laws expressly prohibit that. A § 105(a) injunction would be of little benefit to the creditors of Disc Heat nor

---

[7] *See* KAN. STAT. ANN. § 75-5117 (2012 Supp.) and KAN. ADMIN. REG. § 14-16-14 *et seq* and § 14-21-1 *et seq* (2013)
[8] KAN. STAT. ANN. § 41-326 (2012 Supp.).
[9] *Bogus v. Am. Nat. Bank*, 401 F.2d 458, 459 (10th Cir. 1968)
[10] *Id.* at 459-61.

4

would it "carry out the provisions of this title" which expressly except police power actions of the type debtor seeks to enjoin from the scope of the automatic stay.

Having fully considered the legal arguments advanced by the State in its motion, I conclude that it should be granted for the reasons stated therein and the reasons discussed above. This adversary proceeding should be DISMISSED. A judgment on decision shall issue this day.

###